-Judge Robertson
delivered tbe opinion of the court.
In 1804, Cardwell conveyed to Strother* by deed of special warranty, a tract of land, in Galla-tin county.
In 1816, pending an ejectment by Howard vs. Stro-ther, for the land, Cardwell, on the application of Strother, executed to him a covenant, in which, among other things, he agreed to refund the consideration money, and interest, in the event of an eviction, after a faithful defence to the action.
After this, Strother being advised by his counsel, that it would be impossible to prevent a judgment by Howard, confessed judgment. But ascertaining that a judgment thus obtained, would not entitle him to maintain a suit against Cardwell, he applied to Howard for his consent, to the- reinstatement of the suit on the docket, which he refused to give, unless Stro-ther would agree, in any event, to pay the costs, and the value of the land; Strother having assented to this, the cause was reinstated, and thereupon, the heirs of Cardwell, (he being then dead) having been notified of the pending of the ejectment, appeared by their counsel, entered themselves defendants, and did defend, but without success. Another judgment was obtained by Howard, on a legal title, of a date prior to that of Cardwell.
The improvements made by Strother, being valued to more than the land, in an unimproved state, Howard elected to take the value of the land; and Stro-ther retained the possession.
After this last judgment, Strother brought his action of covenant, on the contract of 1816,and obtained» judgment in the circuit court of Shelby, against the administrators of Cardwell, who resided in that county, which judgment, on an appeal to this court, was affirmed. See Littell’s Select Ca. 429.
cbancpry court of cohu.níy.’ *? f*„ dered, always h.as juri«dic-tioataenJom’
This suit in chancery, was then brought by the ad-fninistrators against Strother and Howard, alleging collusion between them, in obtaining the judgment in ejectment. Fraud, and want of consideration,.'" in the contract of 1816, a superiority of equitable right in Cardwell, to the land, and therefore, praying for an injunction.
The injunction being granted, Strother answered, denying the allegations of the bill, and insisting, that when the deed was made to him by Cardwell, they both supposed,that such a deed would entitle Strother to the consideration and interest, if he should be evicted, by a superior title; that such was the contract, and the deed was drawn with a special warranty, through a mutual mistake, as to the legal effect of such a covenant, and that when he applied to Cardwell, for the covenant of 1816, he did not hesitate to give it, on a representation of these facts, which he admitted.
Howard tendered an answer, which seems to be sufficiently responsive to the bill, denying its material allegations; and also a plea to the jurisdiction of the court. But the court, (for what reason we are unable, evento conjecture) would notpermit either the answer, or the plea to be filed; but took the bill for confessed, against Howard, and perpetuated the injunction!
That the court had jurisdiction, we have no doubt, The chancery court of the county, in which a judgment at law is obtained, always has jurisdiction of a bill, to enjoin the judgment, if any court, can take cognizance of it. Whether a case might occur, in which any other court, would also have jurisdiction of a bill for injunction, is another, and very different question, which it would not be proper to decide,, until it shall occur. It is enough here, that the circuit court of Shelby, had jurisdiction.
The fraud and want of consideration, which are alleged in the bill, are not sufficiently sustained, to justify the decree on either of these grounds of complaint. The testimony shews satisfactorily, that by the contract of sale, Cardwell was to be bound for the consideration and interest, in the event of Stro-ther’s eviction; and that the deed was drawn, with only a special warranty, through mistake; conse *356 quently,as stated in the opinion, in Select Cases, there was a sufficient consideration for the covenant ire 1816.
A defence relied an at law,,cannot in chancery6^
No fraud or culpable delinquency, is evinced, in the.cqnductof Strother, in procuring the covenant of 1-816, or ip defending the ejectment. The legal title of Howard, was shewn to be superior to that of Cardwell, and Cardwell’s heirs, defended the suit.
But if there had been no consideration for the covenant of 1816, no relief could be granted now, for that cause; because, it not only might have been relied on in the suit on the covenant, but was the prin-p‘Pai ground of defence, as will appear by the case, in select cases. It cannot therefore, be reassumed, availably, in equity,.,
It does not appear, whether the alleged fraud and collusion in the ejectment, were relied on in the suit at law. If they were, the chancellor could not re-try them; if they were not, they would, on being established, entitle the administrator to relief; and therefore, if they have not been tried, ihey pre fit subjects for investigation in this case. The principal ground for relief, is the allegation that Cardwell has the superior equity.
If this can be established, the injunction might be perpetuated. For a decree against Howard, to reí lease the legal title, might enure to the use of Stro-ther, as he is still in possession; anda decree, that Strother should accept the legal title when decreed, would be useless, as he now has all the title which Howard ever had. The proper decree, if Strother should desire or consent to it, would therefore, be a perpetuation of the injunction to his judgment at law, and a decree, if he shall ask It, against Howard, to refund the money which he had paid him. The injunction should not have been dissolved, before all the proper parties were before the court. The charge of fraud and collusion, may be fully investigated between all the proper parties, but could not otherwise be finally decided upon.
From this view of the case, it results that the decree must be reversed for tyro reasons.
Petition for a
Crittenden and Triplett, for plaintiffs; Denny, for defendants.
1st. Howard was a necessary party, because, there can be no decree, in favor of the administrators of Cardwell, unless his equity be ascertained, to be su-> perior to that of Howard. His answer ought to have been received and filed, and the cause should have been tried exclusively, on the equitable titles of Cardwell and Howard; unless the alleged collusionj had never before been the subject of litigation.
2d. As the* equity of Cardwell descended to his heirs, they ought to have been parties, otherwise, no decree on this subject, would be final and effectual. As to the copies of the depositions offered by Stro-ther, and rejected by the court, it need only be observed, that if they would tend to discredit the evidence of the same witnesses in this case, they ought to have been read.
Wherefore, the decree of the circuit court is reversed, and the cause remanded, for new parties, and new proceedings, consistent with this opinion.
The counsel for Strother, &c. suggested the following grounds for a modification of the opinion of the court.
In the decision of this cause, the court' has intimated an opinion, that the representatives of Cardwell will be entitled to relief against Strother, if they can succeed in establishing their equitable claim against the elder, adverse, legal title of Howard.
The counsel for Strother, ventures respectfully to suggest, that the correctness of this opinion is very questionable, and deserves a more mature consideration. The question is simply this: whether, where a purchaser of land, with warranty, has suffered a judgment of eviction at law, and in a suit upon his warranty, has recovered a judgment for damages against his warrantor, a court of equity will undertake to control him in the enforcement of his judgment for damages; until the warrantor shall, in the attempt to establish his superior equity, go through a suit in chancery, with the adverse and successful claimant of the land?
*358 Whether the covenant of warranty has been broken or not> a question of law. That the cove-want of warranty to Strother, has been broken, has decided, and his judgment for damages is pre-Seated uPon it.. Does the mere naked fact of his warranj-or having an equitable claim, superior to the title of him who had evicted Strother, give this court any power to take from Strother his legal right to the damages he had recovered at law? Strother, upon his eviction, had two alternatives, and was free to choose between them; whether he would pursue his claim to the land, in chancery, against the evictor, or abandoning the land, would sue his warrantor for damages. These are his rights. What inducement can a court of equity have, if it had the power, to control him ¡ft the choice of his remedy, or in the fair' results of that choice, after he has made, and pursued it to judgment? The hardships, and ruinous consequences that must result from this doctrine, to purchasers who have been evicted, will at once, present themselves to the mind of the court,and need not be here detailed.
Suppose that the equitable claim of the Cardwells had rested upon an executory contract with Howard, instead of an adverse entry, could the Cardwells have turned Strother round from his judgment for damages, to a suit in chancery with Howard ? The decision of this court, in the case of Oldham and Woods, forbids the interference of a court of chancery, in the case supposed; and the case supposed does not differ in principle, from this cause.
The opinion intimated by the court, is believed to be unsanctioned by a single precedent; none such, at least, is recollected; and the counsel of Strother has, therefore, thought it his duty, by these broken hints, to recaí the attention of the court to this subject. A fairer case than that of Strother’s cannot be; it has stood every judicial test; the pretended charge of collusion, &c. is unsupported by a particle of evidence, and was, in fact, relied upon and condemned, in the trial at law for damages. ’ Yet Strother is almost sinking under a protracted litigation, that seems to be accumulating at every step.
The court refused to change their opinion.